#### IN THE UNITED STATES DISTRICT COURT FOR
#### THE SOUTHERN DISTRICT OF WEST VIRGINIA

#### HUNTINGTON DIVISION

JUANITA FERGUSON,

                Plaintiff,

v.                                              CIVIL ACTION NO. 3:09-0457

UNITED STATES OF AMERICA,

                Defendant.

#### MEMORANDUM OPINION AND ORDER

Pending is the United States' Motion to Dismiss (Doc. 32). In this motion the United States claims that this Court does not have jurisdiction as a result of the discretionary function exception to the Federal Tort Claims Act (FTCA). Because the Court **FINDS**, at this time, that the alleged actions do not fall within the discretionary function exception the motion is **DENIED.** This denial, however, is without prejudice. The Court reserves its right to reconsider its decision depending upon the evidence presented at trial.

#### Background

On November 29, 2007, Plaintiff was at the Veteran's Administration (VA) hospital in Spring Valley, West Virginia, visiting her brother. As Plaintiff was walking down the hallway with her brother and sister-in-law, on their way to the cafeteria, they passed through a set of smoke doors. Suddenly, and allegedly without warning, these doors began to close. Plaintiff was knocked against the wall and to the ground. She suffered injury as the result of her fall.

On the day of Plaintiff's injury, VA hospital personnel were conducting testing of the building's fire suppression system. This process involved checking each component of the facility's

system, including the smoke doors which closed into Plaintiff. During testing, personnel shut off the normal fire alarm system. It was the practice at the time to announce over the facility's public address system that its fire suppression system was being tested. The United States concedes that this public address system could not be heard in all areas but states that it was designed to be heard in the common areas open to the general public. It is unclear what message was given or when the message was issued.

## Analysis

The United States claims that this Court does not have jurisdiction as a result of the discretionary function exception of the FTCA. Based on the facts presented, the Court disagrees.

"As a sovereign, the United States is immune from all suits against it absence an express waiver of its immunity." *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005). The terms of the United States' consent to be sued may not be inferred but rather must be "unequivocally expressed." *U.S. v. White Mountain Apache Tribe,* 537 U.S. 465, 472 (2003) (quoting *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980)). Thus, all waivers of immunity are strictly construed in favor of the United States. *Welch,* 409 F.3.d at 650.

Pursuant to the Federal Tort Claims Act, the United States may be liable in tort "in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. This is an explicit waiver, and a rather broad one, but it is tempered by a number of exceptions. *See* 28 U.S.C. § 2680. One of the more commonly invoked exceptions is the one for discretionary functions of the government, found at 28 U.S.C. 2680(a). This provision provides,

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in

<blockquote>
the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.
</blockquote>

*Id.*

The discretionary function exemption "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *U.S. v. Varig Airlines*, 467 U.S. 797, 808 (1984). Congress implemented the exception "to prevent judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Baum v. United States*, 986 F.2d 716, 719 (4th Cir. 1993) (quoting *Varig Airlines,* 467 U.S. at 814). This exception was one of the steps taken by Congress "to protect the Government from liability that would seriously handicap efficient government operations." *Id.*

Applying the discretionary function exception to the myriad of government activities is not always an easy task. As guidance the Supreme Court has developed a two part test. *See Berkovitz v. U.S.*, 486 U.S. 531 (1998); and *U.S. v. Gaubert*, 499 U.S. 315 (1991). The first inquiry asks whether the governmental action involved "an element of judgment or choice." *Baum*, 986 F.2d at 720 (citing *Berkovitz* 486 U.S. at 536; *Gaubert*, 499 U.S. 315). This requirement of a judgment or choice is not met if a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow" because in that case "the employee has no rightful option but to adhere to that directive." *Gaubert*, 499 U.S. at 322 (citing *Berkovitz*, 486 U.S. at 536). If the first stage of the test is met, the second inquiry centers on whether the judgment exercised, "is of the kind that the discretionary function exception was designed to shield." *Id.* (citing *Berkovitz*, 486 U.S. at 536).

Only those actions "based on considerations of public policy" will be protected. *Baum*, 986 F.2d at 720; *Gaubert*, 499 U.S. at 323; *Berkovitz,* 486 U.S. at 537.

In the present case, the testing of the fire suppression system, including the decision to deactivate the fire alarm system was discretionary. Under the applicable regulations, issued by the National Fire Protection Association (NFPA),

> Whenever or wherever any device, equipment, system, condition, arrangement, level of protection fire-resistive construction, or any other feature is required for compliance with the provisions of this *Code* such device, equipment, system, condition, arrangement, level of protection, fire-resistive construction, or other feature shall thereafter be continuously maintained. Maintenance shall be provided in accordance with applicable NFPA requirements or requirements developed as part of a performance-based design, *or as directed by the authority having jurisdiction.*

NFPA Guide 101 § 4.6.13.1   As the "authority having jurisdiction" the VA is explicitly granted discretion in the testing of its fire suppression system in the section requiring testing of that system. Moreover, NFPA Guide 101 contains a broad vestiture of discretion in its general provisions: "Any requirements that are essential for the safety of building occupants and that are not specifically provided for by this *Code* shall be determined by the authority having jurisdiction." *Id.*  § 4.6.1.2. Based on these provisions, the Court can only conclude that the first requirement of the discretionary function test is met.

Not every discretionary action falls within the discretionary function exception, hence the second prong of the test. In *Gaubert*, the Court provided an illustration of the operation of the discretionary function exception which is helpful in its application:

> There are obviously discretionary acts performed by a Government agent that are within the scope of employment but not within the discretionary function exception because these acts cannot be said to be based on the purposes that the regulatory regime seeks to accomplish. If one of the officials involved in this case drove an automobile on a mission connected with his official duties and negligently collided with another car, the exception would not apply. Although driving requires the constant exercise of discretion, the official's decisions in exercising that discretion can hardly be said to be grounded in regulatory policy.

*Gaubert*, 499 U.S. at 325 n. 7. In the Supreme Court's example, the decision on whether or not to drive (as opposed to arranging alternate transportation or avoiding the trip) implicates policy considerations and thus falls within the discretionary function exception. The decisions necessarily made while driving the vehicle, however, are not based on matters of policy and thus are outside the exception.

The present case is analogous to the *Gaubert* automobile example. The decision to deactivate the fire alarm system was a decision that involved policy considerations including continuity of care and the well being of patients at the VA hospital. That decision is protected by the discretionary function exception. It was not this decision, however, that directly resulted in Plaintiff's alleged injury. Rather, Plaintiff's injury was a result of decision made while conducting the test – specifically the decision not to ensure that no one was within the path of the closing smoke doors. Because of this, the discretionary function exception to the FTCA does not apply on the instant facts.

The government argues that the recent Fourth Circuit decision in *Indemnity Ins. Co. of North America v. United States*, 569 F.3d 175 (4th Cir. 2009) (*Indemnity Ins.*) precludes this result. *Indemnity Ins.,* however is distinguishable on its facts. In that case, owners and operators of a vessel which capsized in Baltimore Harbor (along with their insurers) brought suit against the United States for actions of the U.S. Coast Guard. *See generally*, *id.* A Coast Guard inspector had applied the wrong stability test to the vessel, the Lady D, and as a result certified it for a greater capacity than it could handle. *Id.* at 178-79. Although the Coast Guard inspector admitted he had applied the wrong test, the court found that the discretionary function exception applied. *Id* at 182. This was because the choice of stability test was within the discretion of the inspector and the type of decision that involved considerations of public policy. *Id.* at 180-82. In *Indemnity Ins.* it was the choice of stability test itself which led directly to the claimed injuries. Likewise, here, the decision of how to test – with deactivated fire alarms – is protected. *Indemnity Ins.* did not address negligence during the operation of the test, however, and as such is not on point. In the present case it was not the choice of testing method, but rather the operation of the test itself which led to Plaintiff's injury. For this reason, the discretionary function test does not apply and Plaintiff may proceed under the FTCA.

**Conclusion**

For the reasons explained above, the United State's Motion to Dismiss (Doc. 32) is **DENIED**. This denial, however, is without prejudice. The Court reserves its right to reconsider its decision depending upon the evidence presented at trial. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: July 7, 2010

-6-

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE